FILED
CLERK, U.S. DISTRICT COURT
MAY 22 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

Paul Mankin- State Bar No. 264038
The Law Office of L. Paul Mankin IV
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
Phone: (800)-219-3577
Facsimile: (323) 207-3885

Attorney for Plaintiff Marlette Rankin

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLETTE RANKIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOS ANGELES AUTO WHOLESALER AND RECOVERY SERVICE, INC., entity unknown, TIMOTHY HOWARD, an individual, CITY OF LOS ANGELES, and DOES 1 through 25,<br><br>Defendants. | Case No.: 2:13-cv-02926-GAF-SH<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Violation of Rosenthal Fair Debt Collection Practices Act;<br>2. Violation of Fair Debt Collection Practices Act;<br>3. Violation of California Commercial Code Section 9609;<br>4. Conversion;<br>5. 42 U.S.C Section 1983<br>6. Trespass to Chattels;<br>7. Business & Professions Code Section 17200; and<br>8. Battery |

## INTRODUCTION

Plaintiff MARLETTE RANKIN (hereinafter "Plaintiff"), for her complaint against), CITY OF LOS ANGELES (hereinafter "CLA"), LOS ANGELES WHOLESALER AND RECOVERY SERVICE, INC. (hereinafter, "LWR"), TIMOTHY HOWARD (hereinafter, "TH"), AND DOES 1 through 25, alleges as follows:

## PARTIES

1. Plaintiff is a natural person who at all times herein mentioned was a resident of the City of Los Angeles, County of Los Angeles, and State of California and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3), and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

2. Plaintiff is informed and believes, and thereon alleges, that Defendant LWR is a company engaged, in part, in the business of repossessing consumer automobiles on behalf of financial institutions making consumer automobile loans, and is doing business in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant TH is a repossession agent with Repossession License Number: 1413 and is employed by Defendant LWR. At all times mentioned herein, Defendant TH acted both on his own and at the direction of Defendant LWR and in concert with the other Defendants.

4. At all times mentioned in this complaint, Defendant CLA is and was a municipal corporation organized and existing under the laws of the State of California, and situated in Los Angeles County California, and on that basis Plaintiff alleges that Defendant CLA had direct and exclusive control over Los Angeles Police Officers.

5. On information and belief, Plaintiff alleges, at all relevant times herein, Defendants LWR, TH and DOES 1 through 25 were engaged, by use of mail and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendants LWR, TH and DOES 1 through 25, regularly attempt to collect debts alleged to be due by another, and therefore are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

6. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 25, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure.

7. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 25 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

8. At all times mentioned, each of the defendants, whether actually named or fictitiously named, was the agent of the other defendants, whether actually named or fictitiously named, and

each other and was at all times acting within the purpose and scope of such agency. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein each defendant, whether actually or fictitiously named was the principal, agent or employee of each other defendant, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each defendant is liable to plaintiff for the relief prayed for herein. At all times relevant herein, defendants ratified the unlawful conduct of the other defendants, who were acting within the scope of their agency or employment, by accepting the benefits of the transaction(s) with knowledge of the wrongdoing, or otherwise by failure to repudiate the misconduct.

## FACTUAL ALLEGATIONS

9. Plaintiff purchased a 2002 Jaguar X Type with Vehicle Identification Number: SAJEA51C42WC48762 (hereinafter "Vehicle"), for personal and family use. Plaintiff financed the purchase of the Vehicle from a third party finance company. On information and belief, Defendant Santander Consumer USA was assigned the retail installment contract on or about 2009. As a result of this transaction, Plaintiff became the owner of the Vehicle and Santander Consumer USA acquired a security interest in the Vehicle.

10. This financial obligation was primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

11. On or about October 2011, Plaintiff fell behind in her monthly installment payments to Santander Consumer USA.

12. On information and belief, soon thereafter, Santander Consumer USA hired, instructed, and authorized, Defendant LWR to recover the Vehicle from Plaintiff

13. On or about November 3, 2011 at approximately 12:40 a.m., Defendant TH and a Los Angeles Police Sergeant DOE 1 arrived at Plaintiff's residence to repossess the Vehicle. Defendant TH and Defendant DOE 1 broke Plaintiff's gate to gain access to the Vehicle in Plaintiff's backyard.

14. As Defendant TH and Defendant DOE 1 entered Plaintiff's backyard, Plaintiff's dog began barking. In response, on information and belief, Defendant DOE 1 sprayed Plaintiff's dog with pepper spray to subdue the animal while Defendant TH moved towards Plaintiff's Vehicle. Plaintiff and her son, awoke and walked to their backyard where they saw Defendant DOE 1 with a handgun pointed at Plaintiff's dog and Defendant TH underneath the Vehicle.

15. Defendant DOE 1 stated to Plaintiff to get her dog or he would shoot the dog, and arrest Plaintiff.

16. Thereafter, Plaintiff instructed her son to grab her dog by the collar and stated that she was calling the Los Angeles Police Department for help.

17. DOE 1 responded stating that he is a Sergeant with the Los Angeles Police Department. Despite Defendant DOE 1's representation, Plaintiff continued to call the Los Angeles Police Department to request assistance.

18. Shortly thereafter, Defendant DOE 1 walked past Plaintiff and pushed her as he was walking toward the Vehicle and stated get out of my way.

19. Soon thereafter, two officers from the Los Angeles Police Department arrived. Plaintiff explained to the officers that Defendant DOE 1 and Defendant TH entered her backyard by breaking a lock on her gate. Plaintiff also explained that Defendant DOE 1 was carrying and had drawn a firearm during the course of the attempted repossession, that he had made threats to her and pushed her, and that he had harmed her dog.

20. Defendant TH on behalf of Defendant LWR responded by stating that Plaintiff was behind in her finance payments and that he was there to repossess the Vehicle. The officers stated to Plaintiff that Defendant TH had the right to repossess the Vehicle and that Plaintiff had to let Defendant TH take the Vehicle.

21. Thereafter Defendant TH left with the Vehicle.

22. On November 4, 2011, pursuant to California Government Code Section 905, Plaintiff presented to the Los Angeles Office of the City Attorney a claim for injuries and damages sustained by Plaintiff as a result of the incident described in this complaint. On November 8,

2011, the Los Angeles Office of the City Attorney acknowledged receipt of the claim for damages.

**COUNT I: VIOLATION OF CALIFORNIA COMMERICIAL CODE SECTION 9609 (AGAINST Defendant LWR, and TII and DOES 1 through 25)**

23. Plaintiff reincorporates by reference paragraphs 1 through 22 as if fully written herein.

24. Defendants' breaking of Plaintiff's lock to gain access to the Vehicle, causing harm to Plaintiff and her dog, and drawing a firearm during the repossession of the Vehicle was a breach of the peace in violation of California Commercial Code Section 9609.

25. As a proximate result of Defendants' actions, Plaintiff was deprived of her vehicle, incurred expense for alternate transportation, and has suffered extreme embarrassment, shame, anxiety, and mental distress.

**COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (AGAINST Defendant LWR, TII and DOES 1 through 25)**

26. Plaintiff reincorporates by reference paragraphs 1 through 25 as if fully written herein.

27. § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

28. Defendant and each of their conduct violated the RFDCPA by repossessing Plaintiff's Vehicle after committing a breach of the peace during the repossession. *See* (§ 1692(f)(6)).

29. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.**
**(AGAINST Defendant LWR, TH, and DOES 1 through 25))**

30. Plaintiff incorporates by reference paragraphs 1 through 29 as if fully written herein.

31. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above 15 U.S.C. § 1692f(6)(A).

32. As a result of reach and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

**COUNT IV: CONVERSION**
**(Against All Defendants)**

33. Plaintiff reincorporates by reference paragraphs 1 through 32 as if fully written herein.

34. Without Plaintiff's consent. Defendant and each of them intentionally deprived Plaintiff of her rightful possession of the Vehicle.

35. At all times relevant hereto, Defendants and each of them acted with malice, recklessness and total and deliberate disregard for the contractual and personal rights of Plaintiff.

36. As a proximate result of Defendants' actions, Plaintiff was deprived of her vehicle, incurred expense for alternate transportation, and has suffered extreme embarrassment, shame, anxiety, and mental distress.

**COUNT V: 42 U.S.C. § 1983**
**(Against Defendant CLA and DOES 1 through 25)**

37. Plaintiff reincorporates by reference paragraphs 1 through 36 as if fully written herein.

38. Defendants and each of them at all times relevant to this action were acting under color of state law.

39. Defendants and each of them deprived Plaintiff of her property without due process of law in violation of the Fourth Amendment to the Constitution of the United states as

incorporated and applied to the states by way of the Fourteenth Amendments to the Constitution of the United States.

40. Defendants and each of them made an unreasonable and warrantless seizure of Plaintiff's personal property in violation of the Fourth Amendment to the Constitution of the United States as Incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

41. At all times relevant hereto, Defendants acted pursuant to a policy or custom of Defendant of assisting creditors in depriving debtors of personal property without court order and without providing an opportunity for the debtor to be heard.

42. Defendant failed to adopt clear policies and failed to property train its deputies as to the proper role of officers in provide disputes such as repossession.

43. Defendant's policy or custom, and its failure to adopt clear policies and failure to property train its deputies, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

**<u>COUNT VI: TRESPASS TO CHATTELS</u>**
**<u>(Against All Defendants)</u>**

44. Plaintiff incorporates by reference paragraphs 1 through 43 as though fully written herein.

45. In the alternative to Count II, Defendants and each of them dispossessed Plaintiff of Plaintiff's chattel or used or intermeddled with a chattel in the possession of Plaintiff.

46. As a result of Defendant's and each of their conduct. Plaintiff is entitled to general and special damages.

**<u>COUNT VII: BUSINESS & PROFESSIONS CODE SECTION 17200</u>**
**<u>(AGAINST Defendant LWR, TH and DOES 1 through 25)</u>**

47. Plaintiff incorporates by reference paragraphs 1 though 46 as though fully stated herein.

48. These acts and practices, as described herein, violate Business & Professions Code

Section 17200, et seq., in the following respects:

a. Breaching the Peace while attempting to take nonjudicial action to effect dispossession or disablement of property and trespassing and converting Plaintiffs chattels constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200.

b. The harm to Plaintiff outweighs the utility of Defendants' actions in enforcing a security interest by breaching the peace and acting tortiouly and constitutes an unfair business act or practice within the meaning of Business and Professions Code section 17200.

49. The unlawful, unfair and fraudulent business practices of Defendants, as described herein, present a continuing threat to members of the public in that Defendants continue to breach the peace, trespass upon other's chattels, and convert other's chattels. Plaintiff and other persons that may receive the illegal notices have no other adequate remedy of law in that Defendants continue to illegally repossess automobiles of California residents.

50. As a direct and proximate result of the aforementioned acts, Defendants and/or their clients by whom they were retained to enforce security interests, received and continue to receive funds from debtors to whom these illegal notices were mailed, and continue to hold payments made by California debtors made in response to these illegal notices.

51. As a result of the conduct described above, Defendants and each of them have been and will be unjustly enriched at the expense of all persons whose automobiles and property were illegally repossessed. Specifically, Defendants have been unjustly enriched by the receipt of payments that were made by selling illegally seized automobiles, and Defendant received payments that were procured from illegal and unconscionable acts.

52. Pursuant to the California Business and Professions Code Section 17200, et seq., Plaintiff requests preliminary and permanent injunctive relief prohibiting Defendants illegally repossessing California resident's automobiles and property. Plaintiff also seeks an order disgorging Defendants' ill gotten gains and awarding Plaintiff restitution of funds received by Defendants by means of such acts of unfair competition. Plaintiff also seeks interest and attorneys' fees pursuant to C.C.P. Section 1021.5, and as otherwise allowed by law, so as to enjoin such illegal conduct from occurring in the future, and to restore any and all monies received by such illegal conduct to persons that made any payments to Defendants or their

clients which were acquired and obtained by means of such unfair competition, and which ill-gotten gains are still retained by Defendants. Plaintiff seeks an injunction and the imposition of a constructive trust on all revenues thus far obtained by Defendants and to the time of trial of this matter, through such illegal repossession tactics, to prevent Defendants from unjust enrichment.

**VIII: BATTERY**
**(Against Defendant DOES 1 through 25)**

53. Plaintiff incorporates by reference paragraphs 1 though 52 as though fully stated herein.

54. During the repossession of the Vehicle on November 3, 2011, Plaintiff feared an unconsented touching by Defendants.

55. During the repossession of the Vehicle on November 3, 2011, Defendant TH intentionally touched Plaintiff when he forcibly pushed Plaintiff.

56. Plaintiff did not consent to the touching by Defendant TH during the repossession on November 3, 2012.

57. As a result of Defendants' conduct, Plaintiff suffered damages in an amount to be proved at trial.

WHEREFORE, Plaintiff prays judgment as follows:

**CALIFORNIA COMMERCIAL CODE SECTION 9609**

1. An award of actual damages pursuant to California Commercial Code § 9625(b), against all Defendants;

2. an award of statutory damages of $500.00, pursuant to California Commercial Code § 9625(f), against all Defendants;

**ROSENTHAL**
**FAIR DEBT COLLECTION PRACTICES ACT**

1. An award of actual damages pursuant to California Civil Code § 1788.30(a), against all Defendants;

2. an award of statutory damages of $1000.00, pursuant to Cal. Civil Code § 1788.30(b), against all Defendants;

3. an award of costs of litigation and reasonable attorney's fees, pursuant to § 1788.30(c), against all Defendants.

**FAIR DEBT COLLECTION PRACTICES ACT**

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1), against all Defendants;

2. an award of statutory damages of $1000.00, pursuant to15 U.S.C. § 1692k(a)(2)(A), against all Defendants;

3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against all Defendants.

**CONVERSION**

1. An award of general damages in the amount to be adduced at trial, against all Defendants;

2. an award of special damages in an amount to be adduced at trial, against all Defendants;

3. an award of punitive damages in the amount to be adduced at trial, against all Defendants;

4. any other relief this Court deems just and proper, against all Defendants.

**TRESPASS TO CHATTELS**

1. An award of general damages in the amount to be adduced at trial, against all Defendants;

2. an award of special damages in an amount to be adduced at trial, against all Defendants;

3. an award of punitive damages in the amount to be adduced at trial, against all Defendants.

4. any other relief this Court deems just and proper, against all Defendants.

## BUSINESS & PROFESSIONS CODE § 17200

1. Pursuant to Business and Professions Code Section 17203 and pursuant to the equitable powers of this Court, Plaintiff prays that the Defendants be preliminarily and permanently enjoined from the acts of unfair competition, against Defendant ACA;

2. Pursuant to Business and Professions Code section 17203 and pursuant to the equitable powers of this Court, Plaintiff prays that Defendants be ordered to restore to Plaintiff all funds which were acquired and obtained by Defendants through such means of unfair competition, by means of any act or practice declared by this court to be unlawful or fraudulent or to constitute unfair competition under Business and Professions Code Section 17200 et seq., against all Defendants;

3. For prejudgment and post judgment interest, against all Defendants;

4. For attorneys' fees pursuant to Code of Civil Procedure section 1021.5 or any other applicable statute, against all Defendants;

5. For attorneys' fees and costs pursuant to California Code of Civil Procedure §1788.30(c), against all Defendants;

6. For costs of suit, and for such further relief as the court may order, against all Defendants.

## BATTERY

1. An award of general damages in the amount to be adduced at trial, against all Defendants;

2. an award of special damages in an amount to be adduced at trial, against all Defendants;

3. an award of punitive damages in the amount to be adduced at trial, against all Defendants;

4. any other relief this Court deems just and proper, against all Defendants.

PLAINTIFF DEMANDS A JURY TRIAL

Date: May 14, 2013

/s/ L. Paul Mankin
L. Paul Mankin, Esq.
Attorney for Plaintiff