UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-2926-GAF (SHx) | Date | May 23, 2014 |
|---|---|---|---|
| Title | Marlette Rankin v. Los Angeles Auto Wholesaler and Recovery Service, Inc., et al. | | |

| Present: The Honorable | GARY ALLEN FEESS | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

### SUPPLEMENT TO PRE-TRIAL CONFERENCE ORDER

The Court supplements its earlier pre-trial conference order with the following materials. Pursuant to the stipulations in the parties proposed pre-trial conference order, the Court notes that the parties have stipulated to the following facts, which require no further proof:

a. The incident which is the subject of this Action occurred on November 2, 2011.

b. The incident occurred at 1333 West 85th Street, Los Angeles, CA 90044; (323) 543-3881.

c. The vehicle in question is the 2002 Jaguar X-Type, Vehicle Identification Number ("VIN") SAJEA51C42WC48762 (hereinafter, "Vehicle").

d. Defendant Timothy Howard was acting in his official capacity as an agent/employee of Defendant LAW Recovery on the day of the incident.

e. Jose Manuel Carrera was acting in his official capacity as an agent/employee of Defendant LAW Recovery on the day of the incident.

f. Defendant Timothy Howard and Jose Manuel Carrera repossessed the Vehicle on November 2, 2011.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-2926-GAF (SHx) | Date | May 23, 2014 |
|---|---|---|---|
| Title | Marlette Rankin v. Los Angeles Auto Wholesaler and Recovery Service, Inc., et al. | | |

g. The Vehicle was removed by Defendants from Plaintiff's backyard on November 2, 2011.

h. Timothy Howard and/or Jose Manuel Carrera took non-judicial action to dispossess Plaintiff of the Vehicle.

i. Plaintiff is a "consumer" as defined by the FDCPA.

j. The alleged debt is a "debt" as defined by the FDCPA. k. Plaintiff is a "debtor" as defined by the RFDCPA.

l. The alleged debt is a "consumer debt" as defined by the RFDCPA.

m. Defendant, LAW Recovery, is a "debt collector" as defined by the RFDCPA.

n. Plaintiff was in default of her vehicle loan.

In addition, based on the pre-trial conference with counsel, the following additional facts have been agreed to as not in dispute.

o. Defendant, LAW Recovery, is a "debt collector" as defined by the FDCPA.

p. Defendant, Timothy Howard, is a "debt collector" as defined by the FDCPA.

**IT IS SO ORDERED.**